SCHWARTZ, Senior Judge.
The appellant, a thirteen-year-old female, was adjudicated delinquent for possession of a firearm discovered after she allegedly gave consent to a police search of her backpack. The search followed a detention apparently based solely on her being in the company of what were described in a BOLO initiated by the victim as seven males involved in a robbery.
Because there was obviously no founded or reasonable suspicion to justify stopping *270 and detaining a person of a different gender than those described, see A.V. v. State, 81 So.3d 587 (Fla. 3d DCA 2012), the confinement was unlawful, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and, as such, irremediably tainted the purported consent even if ar-guendo it actually took place. See Hill v. State, 39 So.3d 437, 440 (Fla. 3d DCA 2010) (“Because the officers’ contact with Hill amounted to a Fourth Amendment investigatory stop, and because the police did not have a well-founded, articulable suspicion that Hill was engaging in criminal activity, Hill’s consent to a search was tainted such that it was not voluntary. Therefore, we reverse the order dying Hill’s motion to suppress.”). Hence, the respondent’s motion to suppress the firearm should have been granted and the cause is remanded for dismissal of the petition.